Good morning, Your Honors, and may it please the Court. Jeff Liu for Appellant, John Miranda. I'd like to reserve four minutes for rebuttal. This case is the latest in what this Court has characterized as a string of aggressive prejudicial error analyses by the Veterans Court. There are two reasons to reverse. First, under the guise of harmless error, the Veterans Court impermissibly substituted its own rationale for the boards in violation of the Chanery Doctrine. On three consecutive appeals, the board failed to fulfill the statutory promise Congress made to combat veterans like Mr. Miranda in 38 U.S.C. Section 1154B, which provides a three-step framework that considerably lightens the burden combat veterans face in seeking benefits. Isn't this basically a fact case whether a head injury occurred during service? No, Your Honor. So we're not asking the Court to do a straight-up prejudicial error analysis. We're asking the Court to decide whether Chanery applies. And there's a narrow exception to the Chanery Doctrine? Well, I'm a little confused. When they're assessing, the CAVC has been given congressional authority to determine if there's a prejudicial error, correct? Yes, Your Honor. So when they're assessing whether there's a prejudicial error, it necessitates looking beyond just the nature of the error to whether the error otherwise impacts what would be a correct outcome. I'm not going to say something so bold as Chanery doesn't apply to these kinds of cases. However, it seems to me that the very notion of prejudicial error, if the lower tribunal had considered the other thing that we're talking about, right, you wouldn't need to find prejudicial error. So I'm a little concerned about the way in which these two engage with each other. And I'm kind of concerned that your view of Chanery would make it almost impossible to ever conclude anything is a prejudicial error. Not a prejudicial error, sorry. I understand that concern, Chief Judge Moore, but I don't think it's real in this case. So let me give you an example. But I'm not just worried about this case, right? You've made a broad legal statement about Chanery and the impropriety of using the board's rationale. So do you have some limiting principles maybe? Yes, the limiting principle is the Veterans Court can substitute a rationale when the record unquestionably reveals no prejudice. That's Tadlock. And as the Supreme Court said in Wyman Gordon, when there is not the slightest uncertainty that the result would have been the same. I'll give you an example in a Section 1154B case, a very common pattern in Veterans Court cases. So in order to prove, in order to pay, establish a well-grounded claim for benefits, the veteran has to prove one, a current disability, two, in-service injury, and three, a nexus between those two, the disability and the injury. 1154B goes to the proof of in-service injury, but it doesn't go to disability or nexus. So you can imagine a case where the board finds there's no current disability, but then fails to apply Section 1154B at step two. In that case, there's clearly no effect 1154B could have had because 1154B doesn't help the veteran establish current disability. And that wouldn't violate channery because that would be a ground on which the board relied. And in fact, if you look at Veterans Court cases, that is by far the most common fact pattern of harmless error reversal. And the principle we're asking the court to apply today on channery would not touch those cases at all. Okay, but help me just look at the board's decision. What's the matter, is it a legal matter with the board's decision? The board fails to apply Section 1154B. How so? Section 1154B provides a three-step framework that the board has to apply. At step one, it has to consider all of the veteran's evidence standing alone. They found that his testimony about the head injury was not credible, right? And how does that... Our cases seem to suggest that in the first step there under COLA, determining whether he has satisfactory evidence, that there's a credibility determination. And the board seemed to make that credibility determination. What's wrong with that? Well, the board didn't purport to find... I understand that. I'm asking you what's wrong with what the board did. Well, the board purported to find Mr. Miranda credible at step one. It then purported to say that the presumption of credibility established at steps one and two was rebutted by clear and convincing evidence. But there's no... You can read the board's decision all day long and not see one iota of heightened deference owed as a result of the presumption. But wait, at step one, it's not clear and convincing evidence. It's just preponderance as to whether he's provided satisfactory evidence. And as I read the board's decision, they're saying, no, he didn't provide satisfactory evidence because his testimony is not credible. What's the error in that? I mean, it may be that the veteran's court said there wasn't a legal error. But if we determined there was no legal error, we don't even need to reach this question of harmless error, do we? Well, the board didn't say that it was finding Mr. Miranda not credible at step one. In fact, the board says the opposite. The board... So I don't think the board's decision can be read that way, Your Honor. The board says he's a due satisfactory lay evidence at step one in applying the section 154B framework. And the veteran's court says the same thing. The board found Mr. Miranda credible at step one. The problem is... Where does the board say that he was credible at step one? Well, it says he's a due satisfactory lay evidence, Your Honor. It's at, I believe this is at appendix 40. Yes. So the board is purporting to proceed to step three of the analysis. And if it's doing that, it necessarily found that he's a due satisfactory lay... So there's no actual finding that he's credible at step one. I don't think the board says he's credible at step one in those exact words. But it says, the board says, we're going to proceed to step three. And there's not clear and convincing evidence to rebut the presumption of credibility that would be generated by at steps one, step two. That's exactly how the veteran's court understood the board, Your Honor. That it found the board... It's so convoluted. I mean, it just seems to me so simple that the board found his testimony not credible under our cases. That means it's not satisfactory evidence. End of inquiry. You don't need to go to the step one. If the board had done a proper step one analysis, it can only consider the evidence in the veteran's favor standing alone. And then at step two, it asks whether that evidence is consistent with the terms of the service. Only at step three, and this is Collette versus Brown, Jensen versus Brown, this court has made clear, only at step three, this evidence against the veteran's claim come in. And that's precisely for the purpose... They didn't use the other evidence. They relied on his own statements to find that it was incredible because they were inconsistent with each other. I don't think that's right, Your Honor, because the key point is that the board has to look at the evidence in the veteran's favor. And it's looking at this record, the October 2006 post-deployment questionnaire, an incomplete service record in an effort to undermine his credibility. That's at step three. It's not an incomplete service record. He just said he had no injury in the service record. There's nothing in the statute that prevents them from relying on that, right? Well, I think that the reason why the record is incomplete is because the line you're talking about in section two, where he marks no next to head injury, that has to be understood in context in light of the incompleteness in section one of that record, where he marks nothing next to whether he experienced a fall injury. Section two of the questionnaire then asks whether he experienced a head injury as a result of the injuries noted in section one. It asks did he suffer a head injury in service? He had no. No, Your Honor. Section two has to be read in light of section one of that record, and section one is incomplete. So we don't think the board's, Your Honor, I don't think the board's analysis rests on a credibility finding at step one. That's not what the board purported to do, and certainly not how the Veterans Court understood the board to be conducting its analysis. The board proceeded up to step three and said, we think the presumption of credibility generated steps one and step two are rebutted, but the core legal error is that there's no evidence in the entire board decision that it gave Mr. Miranda the benefit of that presumption that would have been generated after proceeding through steps one and steps two. And under the limiting principle I gave to Judge Moore, the standard is not the slightest uncertainty. If the board had applied those steps, there's certainly at least some doubt about whether the board could have come out differently. The board's analysis is, throw it all in the hopper and see whether the VA is right or whether Mr. Miranda is right. That's not what section 1154B provides at step three. And so given the benefit of that presumption, which this court said in Reeves v. Shinseki, makes it far easier for the veteran to prove in-service injury. We think there's at least a slight uncertainty about the outcome of the case had the board followed the proper procedural steps. I think that's true for a second reason as well, which is that the evidence adduced, all of the evidence in one place considered permissibly in one place in step one necessarily colors the court's analysis at step three. A stronger evidentiary showing could have led the board to reassess the veteran's credibility at step one. It could have led the board to find other facts given the structure that section 1154B imposes on the board's reasoning and the procedure the board has to follow in reasoning its way to conclusion. We think those are two clear ways in which 1154B could have influenced the proper outcome, could have influenced the outcome of the case. Now the government, to return to my conversation with Judge Moore, the government says we don't have a limiting principle. But it's the government's view that doesn't have a limiting principle. On their view, what the board could have done here, it could have written the same opinion. It could have recited all the facts and then just said service connection denied, period. No legal analysis, no reference to on their view, the veterans court could then say affirmed because we don't see any likelihood of a different outcome in this case. That can't be the law. Chainery would be a dead letter in veterans court cases if that were allowed. And they haven't given you any limiting principle. We're the only one who's provided the limiting principle. We think that's the not the slightest uncertainty standard. In addition to the failure to apply the three steps of section 1154B, I think the board, the veterans court also impermissibly found new facts that influenced the court's analysis. The key one I'll point to is a causal finding about the basis for Mr. Miranda's cognitive symptoms. You can compare appendix 14 to appendix 35. At appendix 14, the veterans court says the 2007 treatment records show that his head, his cognitive symptoms were, quote, due to anxiety and depression, not a head injury. At appendix 35, by contrast, the board analyzes that exact same record. And the board says he's suffering symptoms like anxiety and depression, but the providers found that those symptoms were consistent with TBI and a head injury. Those are two diametrically opposed findings. And that causal finding was one of the key bases on which the veterans court reversed. Remember, what the veterans court says is the board discounted the 2007 and 2008 treatment notes in Mr. Miranda's favor because they were based solely on the veterans' own testimony. The veterans court says, no, the board can't do that. And then it goes into the records and looks at the records itself. The veterans court makes a new factual finding based on that record. It says his symptoms were caused by anxiety and depression, not a head injury. That's a new factual finding under this court's decision in Tadlock. That's not allowed. I'd like to reserve the balance of my time for rebuttal. Okay. Thank you, Mr. Shapoo. Ms. Faye. May it please the court. This court should either dismiss or affirm the veterans court decision. At bottom, this is not a case about records. And the veterans court clearly did not engage in de novo fact finding or substitute its judgment for that of the agency. So all that we have left is Mr. Miranda's disagreement with the veterans court's prejudicial error analysis. And a finding on that point would be beyond this court's jurisdiction. I'd like to just turn very quickly to the conversation that Judge Dyke was having with counsel. The veterans court did find that the board made an error in its legal analysis regarding 1154, but found that the error was harmless. Admittedly, we did not challenge that directly before this court. But to the extent that this court does find that the board didn't make a legal error because the board determined Mr. Miranda's statements to not constitute credible lay evidence, then certainly it does not need to revisit the veterans court's prejudicial error analysis at all. Now, of course, the appellant asserts that he is not asking the court to make a determination regarding actual prejudice. But I think some of the statements that counsel made and some of the statements in their brief, belie that claim. For instance, especially regarding that 2006 post-deployment questionnaire, the appellant essentially wants this court to accord no weight to that at all. And so that's a weighing of the evidence that's impermissible. And then at the appellant's reply at 14, 15, 16, he explicitly asked the court to consider the evidence again and says the question is whether the prejudicial error analysis is obviously correct. Now, of course, as I stated at the issue with appellant's argument is that the veterans court simply did not engage in impermissible de novo fact-finding or in substituting its own judgment for the boards. Now, what the limiting principle... Did the veterans court decide in this case that Mr. Miranda's symptoms were due to anxiety and depression? The veterans court noted that there was evidence that the head symptoms could be due to anxiety and depression. Wait, wait. Is that what they said? That there's evidence they might be due to it? I actually... Exactly what did they say? On APPX 14, the veterans court states that the 2007 VA treatment notes found that his neurologic symptoms may have been due to a head injury and suggested that his symptoms were due to anxiety and depression, not a head injury. So the veterans court, unlike I think what council represents, did not base its finding on this. It was one of many factors that the veterans court noted and it's not a situation at all like the factual situations in Tadlock or in Mayfield. In both Tadlock and Mayfield, the board made one finding, the veterans court found that that was not enough and that the board made an error and yet affirmed on a completely different finding in which the veterans court specifically noted that neither the board nor the VA had engaged in that finding. Here we have the completely different situation where the veterans court determined that the board made an error, but found that the board noted and engaged with all the relevant facts. And in fact, if you look at the veterans court decision, it continuously cites what the board did, what the board noted, what the board found. And so it's simply not a like what happened in Tadlock and McDonough. Here, instead, we have two almost concentric circles. And I think that what's happening is that Mr. Miranda is attempting to make a mountain out of a molehill in pointing to the slight distinctions between the veterans court's analysis and the board's, but there's no requirement that the two be identical. Indeed, I think as Judge Moore, you noted, if the findings were identical, then there would be no prejudicial error analysis at all because the board would not have erred. I also want to turn to what appellant said about the limiting principles. I think it's clear that appellant is actually trying to constrict those limiting principles, even beyond what this court found in McDonough. And in fact, wants to completely ignore this court's decisions in Newhouse, Mletchik, and Fleshman. In the Tadlock case, this court said affirmance in the face of an error may be made by the veterans court if the record already contains findings made previously by the VA or the board that support affirmance, or the record makes clear that the board could not have reached any other decision. It seems like appellant is suggesting that this court limit just to the issue of the board not reaching any other decision and not engage with the issue of whether the record already contains findings that support affirmance. And here, the record is replete with findings that support affirmance. I also want to note appellant's statement that the Chenery Doctrine precludes affirmance of the veterans court's decision. But in this court's decision in Newhouse, it stated a determination of whether a VA error is prejudicial or harmless is not a determination or judgment which the VA alone is authorized to make. Therefore, a prejudicial error analysis in and of itself does not violate Chenery. And we're not stating that Chenery can never be violated, but this court also stated in Fleshman that the Chenery Doctrine is not applied inflexibly. And therefore, I think it's just clear in this case based on the record and based on a comparison of the board's decision and the veterans court decision that Chenery was not violated. The veterans court did not engage in such de novo fact finding that there could be an adequate reversal. Before I sit down, I just briefly want to touch on appellant's argument regarding the 2006 post-deployment questionnaire. Ms. Miranda's argument on that point, basically saying that it's an absence of an official record or a lack of an official record, makes little sense. His reasoning would have us disregard the form and the statements on it altogether. And in doing so, it twists Section 1154B in a manner that could not have reasonably been intended. I think by his logic, you basically could never use a form that's harmful to the veteran to rebut the presumption that the veteran had used lay evidence to satisfy prong one, and therefore would turn it into a nigh irrebuttable statutory presumption, which this court has specifically cautioned against. I'm happy to answer any other questions. Otherwise, respectfully request that this court dismiss or affirm. Which? Well, we would ask in the first instance that this court dismiss. But if this court just determines that it has jurisdiction, then we would ask in the alternative that the court affirm. Thank you. Do we have jurisdiction to look at the CAVC's prejudicial error determination? You have. This court has jurisdiction to determine whether the Veterans Court exceeded its jurisdiction by making de novo findings of fact, but it can't go beyond that and certainly cannot make a determination that weighs the evidence or goes to actual prejudice. But we can, can't we assess whether or not Channery, for example, was violated by the Veterans Court deciding a fact that is different than what the board found? In that very limited circumstance, the veteran, this court could decide that the Veterans Court violated Channery, but I don't think that it could go so far as to reverse the Veterans Court's determination on that ground, because then you'd have to look at whether the balance of those facts still support a finding of no harmless error by the board. And that's factual determination. But I think that Channery does not stand for the principle, again, that the Veterans Court cannot make a single finding of fact that's clearly based in the record before the court that the board didn't make. What Channery stands for is a situation where the agency did not make a determination at all on that ground, and the Veterans Court made a determination that was wholly outside what the agency made, and that's not what happened here. It seems like a much different understanding of these legal principles than our TADLOC decisions. I don't think that TADLOC necessarily stands for the principle that the Veterans Court cannot make a single finding of fact outside what the board specifically made. Indeed, it did not overrule Fleshman and Newhouse and Mlecznik. And in those cases, the court stated that the doctrine does not prohibit a reviewing court from affirming an agency decision on a ground different from the one used by the agency if the new ground is one that calls for a determination or judgment, which the administrative agency alone is to make. And I think that the cases that support the determination here make clear that TADLOC does not stand for that proposition where the Veterans Court can make one single stray finding and that obviates its entire prejudicial error analysis. And TADLOC, of course, also states that the Veterans Court is not limited to considering only the facts relied on by the board and the VA, but can and must consult the full agency record. And again, I think TADLOC is just so... There's a difference between consulting the record and making a fact finding, isn't there? And doesn't 7261C expressly prohibit fact finding? Yes, but again, I don't think that the Veterans Court was necessarily making a fact finding. What it stated in its decision was noting that there was a VA treatment note that found that his neurologic symptoms may have been due to anxiety and depression. That was not necessarily... They conclude that the medical records contradicted Mr. Miranda's testimony? They found that the medical records as a whole contradicted Mr. Miranda's testimony, but that's also... Is that not a fact finding? What medical records disclose? Isn't that a fact finding? It is the same fact finding made by the board. The board just determined that Mr. Miranda's medical records, the 2007 records, did not in fact support his testimony. Well, the board didn't specifically find that the 2007 medical records standing alone were not consistent with his testimony, but neither did the Veterans Court. Both the board and the Veterans Court looked at Mr. Miranda's records as a whole and found that the evidence was not credible because the statements were both internally contradictory and contradictory to some of the service and medical records. If I were to read the Veterans Court's opinion as finding or concluding or whatever you want to say that these particular medical records are in conflict with or don't support his testimony, where could I find the genesis of that fact finding in the board's opinion? Where would be the place you'd like to direct me in the appendix where I can look to see that the board actually made a similar fact finding and that this is not the Veterans Court making a fact finding? Well, again, not specifically with regard to the 2007- Where did they say we've reviewed the medical records and we see none that support his testimony or something? They don't have to articulate that one in particular. They could have made a more general statement, but you and I both agree that the statute prohibits the CABC from making fact because C comes right after B. Even with regard to prejudicial error, they can't make fact findings. Well, the board specifically states with regard to 1154B that it finds by clear and convincing evidence that the reports are not credible and that as explained above, the veteran has variously reported that his TBI was the result of different things and states that these are in contradiction to the 2006 post-deployment questionnaire. And I think it's important to note that in its 1154- Does any of that have to do with the medical records? It does because the medical records find that the medical records are the source of some of the veterans' various reportings as to why his information contradicted each other. Some of that was in the medical records. Some of that was in lay statements. But I think what's important is that the board specifically says, as explained above, and as explained above, there's two and a half pages worth of the board making factual findings regarding both lay statements of the veteran and statements that were made in the course of medical determinations. And I think to find no prejudicial error, you don't only need to look to that one paragraph regarding 1154B. You need to look to the board's decision as makes a lot of findings of fact of the various treatment records and the various veteran statements. And as a whole, the board, again, referring back to that, found that the veterans' evidence was not- that there was clear and convincing evidence that the reports were not credible. If you were to- Look, I mean, what you have here is a situation in which maybe what the of the rule of prejudicial error. The board found he was not credible. The CABC found that the board said he was not credible. Maybe they put it in the wrong box instead of at step one. But at step one, you know, that's a legal issue. And whether they made a mistake in putting it in the wrong box, if they found his testimony not satisfactory because it wasn't goes away, right? Yes, Your Honor. We agree with that point. So even if this court finds that the veterans' court erred in its legal analysis and agrees with that board, that would still be grounds for affirmance because the veterans' court's error would then be harmless if the court found that the board did not err in the first instance. I see I'm out of time. So thank you. I'd like to make three quick points, Your Honor. First on jurisdiction. I heard the government say a lot about jurisdiction, but ultimately concede that this court does have jurisdiction to determine whether chain re-applies. They make the same concession at page 17 of their brief. So we think that's clear. Judge Dike, to your question about whether this is just a wrong box-checking exercise, we don't think so because the question at step three is whether clear and convincing evidence rebutts his credibility. At step one, the question is whether he's a dissatisfactory evidence considering only the evidence in his favor. And here, the 2007 and 2008 treatment notes are consistently in Mr. Miranda's favor. Considering that evidence alone, the board may well have reached a different result. Second, I want to address Mayfield. The other side says Mayfield is distinguishable from this case because I'm nitpicking a single factual finding about anxiety and depression, whereas in Mayfield there are more facts. They went to the whole record. That's not an accurate characterization of Mayfield, Your Honors. In that case, the Federal Circuit said the Veterans Court held that the statutory notice requirements were satisfied by a different letter than the ones the board had considered. That is a single factual finding that the court said, we can't say that the error is harmless such that chain re-does not apply. We can't say that there's not the slightest uncertainty that that error was harmless. We're going to send it back down for the Veterans Court to remand to the board so they can consider this one notice, which if you read Mayfield, the Federal Circuit, this court is absolutely clear that it thought that letter was clearly designed to satisfy VA statutory notice requirements. Nonetheless, this court said, there's some doubt that the error might not be harmless. We have to remand under chain re-. I think that leads me to my third point. It also puts the lie to their view of Newhouse and Emilichak. Those cases do say that harmless error has to be reconciled with chain re-, but can't be the fact that because the Veterans Court has to consider prejudicial error and chain re- doesn't apply, that same rule of prejudicial error appears in the APA, 5 U.S.C. Section 706. So their rule really would render chain re- that letter because every court reviewing agency action has to take due account of the rule of prejudicial error. That statutory obligation cannot obviate the chain re-doctrine. I think it's telling. I didn't hear my friend on the other side say one word against my hypothetical. If the board simply recited the facts and then service connection denied, that the Veterans Court on their view could affirm even though the board did not discuss one piece of law at all in its analysis. That can't be the law. There's at least some slight uncertainty that the result in this case would be different. So we ask the court to vacate and remand. Thank you, Your Honor. Okay. I thank both counsel. The case is taken under submission.